UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUSSELL KELLOGG                                          CIVIL ACTION

VERSUS                                                   NO. 22-4448

LOUISIANA CHILDREN'S MEDICAL                             SECTION: D (5)
CENTER, ET AL.

## ORDER and REASONS

Before the Court is Plaintiff's Motion to Remand, filed by Russell Kellogg ("Plaintiff").[1] Louisiana Children's Medical Center, LCMC Health Holdings, LLC, LCMC Health Clinical Services, LLC, LCMC Health Clinical Support, LLC, LCMC Healthcare Partners, LLC, Shay Williams, and Carol Robinson (collectively, "Defendants") oppose the Motion.[2]

Also before the Court is Defendants' Motion to Dismiss Under Rule 12(b)(6).[3] Plaintiff opposes the Motion,[4] and Defendants have filed a Reply.[5]

After consideration of the parties' memoranda, the record, and the applicable law, Plaintiff's Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to Civil District Court for the Parish of Orleans. Defendants' Motion to Dismiss is **DENIED** as moot.

---

[1] R. Doc. 11.
[2] R. Doc. 21.
[3] R. Doc. 8.
[4] R. Doc. 13.
[5] R. Doc. 19.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about October 14, 2022, Plaintiff filed a Petition for Damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Defendants, asserting that he was terminated from his employment in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (the "ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* (the "FMLA"), and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.* (the "RA").[6] Defendants removed the case to this Court on November 9, 2022, asserting that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.[7]

On December 6, 2022, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), seeking to dismiss all of Plaintiff's claims.[8] On December 13, 2022, Plaintiff filed a Motion to Remand, asserting that the matter should be remanded to state court because "Simultaneously with filing this motion, the plaintiff is supplementing and amended his Petition to remove all federal claims" tied to the ADA, the RA, and the FMLA, "leaving only the state law claims the plaintiff's Petition alleges."[9] Thereafter, on December 22, 2022, Plaintiff filed a Motion for Leave to Amend his Petition, which was referred to the Magistrate Judge.[10] Defendants opposed the Motion for Leave, "to the extent that it is a part of Kellogg's futile effort to forum-shop back to state court."[11]

---

[6] R. Doc. 1-1.
[7] R. Doc. 1 at p. 2 (*quoting* 28 U.S.C. § 1331).
[8] R. Doc. 8.
[9] R. Doc. 11 at p. 2.
[10] R. Doc. 15.
[11] R. Doc. 20 at p. 1.

On January 18, 2023, Magistrate Judge Michael B. North denied Plaintiff's Motion for Leave to Amend, explaining that, "It is clear to the Court . . . that Plaintiff is seeking to remove his federal claims in conjunction with his efforts to return to state court by virtue of his also-pending motion to remand."[12] Magistrate Judge North concluded that, "allowing the proposed amendment to be entered would be akin to a dismissal of Plaintiff's federal claims <u>without</u> prejudice which would conceivably allow him to restate them in state court upon remand, thus prejudicing the defendants."[13] The next day, Plaintiff filed a Stipulation of Partial Dismissal with Prejudice, stipulating "to dismiss any and all claims under the Americans with Disabilities Act of 1990, The Rehabilitation Act of 1973, the Family Medical Leave Act, or any other federal law or regulation with prejudice, leaving only [Plaintiff's] claims under Louisiana state law."[14]

### A. Plaintiff's Motion to Remand

In his Motion to Remand, which is currently before the Court, Plaintiff seeks remand pursuant to 28 U.S.C. § 1447(c), asserting that there is no longer any basis for federal jurisdiction because as the only remaining claims are Plaintiff's "state law claims."[15] Plaintiff claims that, "It is clear that since no federal claims are present, this court no longer has jurisdiction over this matter and should remand it to the State Court in which it was filed," pursuant to 28 U.S.C. § 1447(c).[16]

---

[12] R. Doc. 22 at p. 1.
[13] *Id.* (emphasis in original).
[14] R. Doc. 23 at p. 1.
[15] R. Doc. 11 at p. 2. Plaintiff claims there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has removed the federal claims from the Petition, and further asserts that there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are not diverse. *Id.*
[16] R. Doc. 11-1 at p. 1.

Defendants oppose the Motion, asserting that subject matter jurisdiction was established at the time of removal and Plaintiff cannot "replead his actions to divest the federal court of jurisdiction."[17] Defendants also assert that this Court has jurisdiction over Plaintiff's remaining state law claims because they "contain federal questions that provide federal jurisdiction over the case."[18] Defendants contend that Fifth Circuit jurisprudence makes clear that, "The relevant time for determining jurisdiction remains removal, and the relevant pleadings are those in place ***at the time of removal***."[19] Defendants argue that Plaintiff is "attempting to replead his Petition to divest the court of jurisdiction, a maneuver rejected by jurisprudence."[20] Defendants further argue that Plaintiff's state law claims "necessarily require consideration" of the ADA, the RA, and the FMLA, and that, "federal questions permeate even [Plaintiff's] state law claims."[21] Defendants point out that the Fifth Circuit has recognized that, "a case pleading only state law claims may arise under federal law where the vindication of a right under state law necessarily turns on some construction of federal law."[22] Defendants contend that this Court has federal jurisdiction over Plaintiff's claims because they "raise disputed and substantial federal issues – namely [Plaintiff's] FMLA leave, reasonable accommodation under the ADA, and Defendants' interactions with [Plaintiff] regarding his FMLA leave and

---

[17] R. Doc. 21 at pp. 1, 5 & 6.
[18] *Id.* at p. 6.
[19] *Id.* at p. 5 (quoting *Montgomery v. Comenity Bank*, Civ. A. No. 20-235-SDD-RLB, 2020 WL 6153002, at *3 (M.D. La. Sept. 28, 2020) (Bourgeois, M.J.)) (emphasis added by Defendants).
[20] R. Doc. 21 at p. 6.
[21] R. Doc. 26 at p. 2 (*citing* R. Doc. 1-2 at ¶¶ 26 and 27).
[22] R. Doc. 26 at p. 7 (quoting *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008)) (internal quotation marks omitted).

ADA reasonable accommodation . . . ."[23] As such, Defendants argue that Plaintiff's claims "necessarily turn on disputed and substantial questions of federal law," and assert that this Court retains federal jurisdiction over them.[24]

### B. Defendants' Motion to Dismiss

In their Motion to Dismiss, which was filed before Plaintiff filed his Stipulation of Dismissal as to his federal claims,[25] Defendants seek dismissal of all of Plaintiff's claims in this matter.[26] Defendants assert that Plaintiff's ADA and RA claims should be dismissed because Plaintiff's Petition lacks a single allegation that his termination was caused by his disability.[27] Regarding Plaintiff's state law claims, Defendants assert that Plaintiff's intentional infliction of emotion distress claim should be dismissed because he fails to allege any extreme and outrageous conduct, or any of the other elements required to state a viable claim.[28] Defendants also contend that Plaintiff's negligence claim should be dismissed because they are barred under Louisiana's Worker's Compensation Law.[29] Defendants further assert that all of Plaintiff's employment claims should be dismissed because he has not alleged that any defendants, other than Louisiana Children's Medical Center, are his employer.[30] Defendants also argue that LCMC cannot be sued under the Louisiana Employment Discrimination Law because it is a non-profit corporation.[31]

---

[23] R. Doc. 21 at p. 9.
[24] *Id.* at p. 8.
[25] *See* R. Doc. 23.
[26] R. Doc. 8.
[27] *Id.* at pp. 1-2; R. Doc. 8-1 at pp. 5-7.
[28] R. Doc. 8-1 at pp. 8-12.
[29] R. Doc. 8 at p. 1; R. Doc. 8-1 at pp. 12-13.
[30] R. Doc. 8-1 at pp. 15-20.
[31] *Id.* at pp. 20-21.

Plaintiff opposes the Motion, asserting that he removed "any and all references to or potential claims under" the ADA, the RA, the FMLA, "or any other federal law or regulation" in his Supplemental and Amending Petition.[32] As such, Plaintiff argues that Defendants' Motion to Dismiss is now moot.[33] Plaintiff further asserts that Defendants' request to dismiss his state law claims "is better adjudicated" in state court after this Court grants Plaintiff's Motion to Remand.[34]

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[35] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[36] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[37] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[38]

---

[32] R. Doc. 13 at p. 1.
[33] *Id.*
[34] *Id.* at p. 2.
[35] Fed. R. Civ. P. 12(b)(6).
[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[37] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[38] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[39] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[40] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[41] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[42] The Court can also consider matters of public record and matters subject to judicial notice.[43]

### B. Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[44] The removing party bears the burden of proving federal diversity jurisdiction.[45] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[46] Remand is proper if at any time the court lacks subject matter jurisdiction.[47]

---

[39] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[40] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[41] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[42] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340–41 (5th Cir. 2011).
[43] *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodaux, Inc.*, Civ. A. No. 10-4443, 2013 WL 1513406, at *3 (E.D. La. Apr. 11, 2013) (Feldman, J.).
[44] 28 U.S.C. § 1441(a).
[45] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[46] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[47] *See* 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[48] "A federal question exists only where a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[49] The United States Supreme Court and the Fifth Circuit Court of Appeals have repeatedly held that a "case pleading only state law claims may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"[50] When, as here, "a complaint sets forth only state-law claims, a federal district court has federal question jurisdiction only if: '(1) the state law claims necessarily raise a federal issue, or (2) the state law claims are completely preempted by federal law.'"[51]

The "well-pleaded complaint rule governs the existence of federal question jurisdiction."[52] Pursuant to this rule, "federal jurisdiction exists only when a federal

---

[48] 28 U.S.C. § 1331.
[49] *Bd. of Comm'rs of Se. La. Flood Protection Authority-East v. Tenn. Gas Pipeline Co. LLC*, 850 F.3d 714, 721 (5th Cir.2017) (internal quotation marks omitted).
[50] *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (*quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9 (1983)); *see Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) ("[t]he general rule is that, where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision").
[51] *Yan v. US Aviation Group,* LLC, 509 F. Supp. 3d 642, 648-49 (E.D. Tex. 2020) (*quoting Bernhard*, 523 F.3d at 551).
[52] *Jefferson v. Nicholls State University*, Civ. A. No. 18-4541, 2018 WL 5729763, at *1 (E.D. La. Nov. 2, 2018) (Milazzo, J.); *see Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (the "well pleaded complaint" rule says that a plaintiff is the master of his complaint and is free to avoid federal jurisdiction by "pleading only state claims even where a federal claim is also available.").

question is presented on the face of the plaintiff's properly pleaded complaint."[53] Nonetheless, courts have explained that there is a "special and small category" of state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[54] A state law claim may support federal jurisdiction when the state law claim raises a federal issue that is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting federal-state balance approved by Congress.[55] This framework "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law."[56] A federal issue is substantial, and supports removal to federal court, if it is significant to the federal system as a whole.[57]

---

[53] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (a federal question is present when "there appears on the face of the complaint some substantial, disputed question of federal law").

[54] *Offshore Serv. Vessels, L.L.C. v. Surf Subsea, Inc.*, Civ. A. No. 12-1311, 2012 WL 5183557, at *4 (E.D. La. Oct. 17, 2012) (Africk, J.) (*quoting Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (internal quotation marks omitted)). *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust For S. Cal.*, 463 U.S. 1, 9 (1983) (holding that state law claims may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law").

[55] *Enable Mississippi River Transmission, L.L.C.*, 844 F.3d at 498. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfr.*, 545 U.S. 308, 314 (2005); *see also Maitland v. State Farm Fire & Cas. Ins. Co.*, 914 F. Supp. 2d 794 (E.D. La. 2012); *Parish v. Rozel Operating Co.*, Civ. A. No. 13-cv-6722, 2015 WL 403791, at *4 (E.D. La. Jan. 29, 2015) (Africk, J.).

[56] *Grable & Sons Metal Products, Inc.*, 545 U.S. at 312. *See Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 117-18 (1936) (a request to exercise federal-question jurisdiction over a state action calls for a "common-sense accommodation of judgment to [the] kaleidoscopic situations" that present a federal issue, in "a selective process which picks the substantial causes out of the web and lays the other ones aside.").

[57] *See Police Ass'n of New Orleans v. City of New Orleans*, 572 F. Supp. 3d 265, 276 (E.D. La. 2021) (internal quotation omitted).

But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is left to the Court's discretion. A federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.[58] The appropriateness of a federal forum to hear an embedded issue can be evaluated only after considering the "welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system."[59] Thus, the determination of whether state law claims involving federal issues give rise to federal jurisdiction rests on (1) the importance of having a federal forum decide the issue and (2) the effect of exercising jurisdiction on the balance of federal-state division of responsibilities.[60]

## III. ANALYSIS

The Court begins it analysis with Plaintiff's Motion to Remand, as the granting of that motion will moot Defendants' Motion to Dismiss. Citing a decision by another Section of this Court, Defendants argue that this Court's jurisdiction was established at the time of removal and that subsequent efforts by Plaintiff do not divest this Court of jurisdiction.[61] Defendants are correct. But that does not end the inquiry, as Defendants correctly include that the same court determined, "Although an amended complaint deleting federal claims may permit a discretionary remand, it does not

---

[58] *Berthelot v. Boh Bros. Const. Co.*, Civ. A. No. 05-cv-4182, 2006 WL 1984661, at *10 (E.D. La. June 1, 2006) (Duval, J.).
[59] *Id.* (quoting *Franchise Tax Bd. of Cal.*, 463 U.S. at 8).
[60] *Berthelot*, Civ. A. No. 05-cv-4182, 2006 WL 1984661 at *10 (*quoting Evans v. Courtesy Chevrolet II, LP*, 423 F. Supp. 2d 669, 670-71 (S.D. Tex. 2006)).
[61] R. Doc. 21 at p. 6 (quoting *Pitre v. Huntington Ingalls*, Civ. A. No. 17-7029, 2017 WL 6033032, at *4 (E.D. La. Dec. 6, 2017) (Vance, J.)) (internal quotation marks omitted).

destroy federal jurisdiction over a validly removed case."[62]  Such are the facts before the Court.  Before addressing whether the Court will exercise its discretion to remand this matter, and for reasons that will become clear, the Court finds it appropriate to address Defendants' argument that this Court has federal jurisdiction over Plaintiff's state law claims because they necessarily require consideration of the ADA, the RA, and the FMLA.[63]

Federal courts have "jurisdiction over a state law claim that 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'"[64]  Courts are instructed to consider whether: "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial."[65]

In *Jefferson v. Nicholls State University*, another Section of this Court held that the plaintiff's allegations "fail[ed] to raise a substantial or necessary federal issue," and, accordingly, the plaintiff's petition did not give rise to federal jurisdiction under 28 U.S.C. § 1331.[66]  While the plaintiff in *Jefferson* asserted a state law claim of negligence in her complaint, Judge Milazzo found that, "The petition does not state a claim under the ADA–and indeed she admits that she is not disabled–but rather

---

[62] R. Doc. 21 at p. 6 (quoting *Pitre*, Civ. A. No. 17-7029, 2017 WL 6033032 at *4) (internal quotation marks omitted).
[63] R. Doc. 21 at pp. 6-8.
[64] *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (*quoting Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)).
[65] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).
[66] Civ. A. No. 18-4641, 2018 WL 5729763, at *2 (E.D. La. Nov. 2, 2018).

raises violations of the ADA as evidence of Defendant's negligence."[67] Judge Milazzo ultimately concluded that the plaintiff's claims failed to raise a substantial or necessary federal issue, pointing out that, "A finding that the sidewalk at issue violated the ADA is not a necessary element of recovery," and that, "Plaintiff alleges various other negligent acts upon which Defendant could be found liable."[68] Judge Milazzo further pointed out that, "As an alternate theory supporting a single claim, the federal question is not a necessary element of the state claim, and thus does not create federal question jurisdiction."[69] As such, Judge Milazzo held that, "the state law issues overwhelm the federal law issues' and that the plaintiff's petitioned "fails to present a federal issue sufficient to give this Court jurisdiction under § 1331."[70]

In *Gautreau v. EnLink Midstream Operating GP, LLC*, one of our sister courts held that the plaintiff's reference to the FMLA in his state court petition did not confer federal subject matter jurisdiction where the plaintiff had asserted only state law claims.[71] The plaintiff in that case had referenced "taking FMLA leave due to an allegedly hostile work environment, Plaintiff's supervisor contacting Plaintiff several times with work questions while he was on FMLA leave, and Plaintiff being demoted after returning from leave" in his state court petition.[72] The court acknowledged that, "While these allegations could potentially give rise to claims for FMLA retaliation,

---

[67] *Id.*
[68] *Id.* (citation omitted).
[69] *Id.* (quoting *Howery*, 243 F.3d at 918) (internal quotation marks omitted).
[70] *Jefferson*, Civ. A. No. 18-4641, 2018 WL 5729763 at *2 (quoting *Howery*, 243 F.3d at 918).
[71] Civ. A. No. 18-988-JWD-EWD, 2018 WL 6710036, at *3 (M.D. La. Nov. 26, 2018) (Wilder-Doomes, M.J.).
[72] *Id.* (citation omitted).

Plaintiff has] not alleged such a cause of action in his Petition."[73] "Rather, Plaintiff's Petition reflects that Plaintiff has limited his claims to discrimination, harassment, hostile work environment, and retaliation in violation of the LEDL and the LWA, and intentional infliction of emotional distress . . . ."[74] After reviewing the petition as a whole, the court found "insufficient grounds to infer that Plaintiff has raised an FMLA or any other federal cause of action that would support a finding that this Court has federal question jurisdiction over the removed action."[75] The court further held that, "To the extent the Petition raises ambiguities regarding whether a federal question has been raised, the Fifth Circuit has directed such ambiguities to be construed against removal."[76] The court recognized that, "this situation often arises in the context of Title VII cases," and that,

> [t]he case law is replete with grants of motions to remand in similar circumstances, based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, contained references and/or more substantial inferences to Title VII than in this case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim.[77]

The court in *Gautreau* ultimately concluded that, "the same result is required here," and therefore remanded the case to state court.[78]

---

[73] *Id.*
[74] *Id.*
[75] *Id.* at *5.
[76] *Id.* (citing *Manguna v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).
[77] *Gautreau*, Civ. A. No. 18-988-JWD-EWD, 2018 WL 6710036 at *5 (quoting *Dupre v. Family Dollar Stores of Louisiana*, Civ. A. No. 15-01432, 2015 WL 3791705, at *2 (W.D. La. June 16, 2015) (Haik, J.)).
[78] *Gautreau*, Civ. A. No. 18-988-JWD-EWD, 2018 WL 6710036 at *6.  *See Mathis v. Pinnacle Entertainment, Inc.*, Civ. A. No. 11-2199, 2014 WL 2880217, at *6-7 (W.D. La. June 23, 2014) (Foote, J.) (plaintiff's mere mention of the FMLA in his state court petition did not give rise to federal question jurisdiction).

Here, there is no dispute that Plaintiff initially asserted state and federal claims in his state court Petition and subsequently dismissed his federal claims with prejudice after the case was removed to this Court.[79] Specifically, Plaintiff stipulated to dismiss "any and all claims under the [ADA], the [RA], the [FMLA], or any other federal law or regulation with prejudice, leaving only his claims under Louisiana state law."[80] Although not mentioned by the parties, the Court notes that it is unclear from Plaintiff's state court Petition, the Stipulation of Partial Dismissal With Prejudice, and the Motion to Remand what "state law claims" have actually been alleged in this case. The Petition does not specify Plaintiff's causes of action against Defendants, but contains allegations that Defendants "discriminated against, retaliated against, and intentionally inflicted emotional distress upon Mr. Russell Kellogg."[81] The Motion to Remand likewise contains allegations that, "the plaintiffs [sic] only remaining claims are the state law claims,"[82] and mentions only that Plaintiff sued Defendants "alleging disability discrimination, FMLA retaliation, and improper termination. The plaintiff originally raised claims based on federal and state law."[83] The Court further notes, however, that Defendants describe Plaintiff's state law claims in their Opposition to the Motion to Remand as including, "state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, training, and supervision."[84]

---

[79] *See*, R. Docs. 1-1 & 23.
[80] R. Doc. 23 at p. 1.
[81] R. Doc. 1-1 at ¶¶ 26-27.
[82] R. Doc. 11 at p. 2; R. Doc. 11-1 at pp. 1 & 5.
[83] R. Doc. 11-1 at pp. 1-2
[84] R. Doc. 26 at pp. 2 & 3.

Nonetheless, in his state court Petition, Plaintiff alleges that Defendants "discriminated against, retaliated against, and intentionally inflicted emotional distress" upon him by, among other things, "Demoting [Plaintiff] for taking FMLA for his mental health," "Rescinding a reasonable accommodation in retaliation for [Plaintiff] taking FMLA," and "Terminating [Plaintiff's] employment because he was, or was regarded as, a person with a disability."[85] The Court finds that determining whether Defendants' actions in this case amount to discrimination, retaliation, or the intentional infliction of emotional distress under Louisiana law does not depend upon the resolution of a substantial question of federal law. Indeed, no interpretation of any federal law is necessary to resolve Plaintiff's remaining state law claims. The Court further finds that Plaintiff's mere mention of the FMLA and the ADA in his Petition to support his state law claims of discrimination, retaliation, and intentional infliction of emotional distress do not raise a substantial federal question.

 "Subject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be created by pleading a cause of action within the district court's original jurisdiction."[86] Here, although the Petition is not a model of clarity, Plaintiff's state law claims do not require proof that Defendants breached any federal statutes. The Court therefore finds that there is no federal right or interpretation of a federal right that is necessary to resolve the case, and further finds that there is no substantial federal question remaining before the Court. Having determined that the resolution of Plaintiff's state law claims does not require

---

[85] R. Doc. 1-1 at ¶¶ 26 and 27.
[86] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809, n.6 (1986).

any application or interpretation of federal law, and further having determined that the Court has dismissed all claims over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c). The Court finds that remand is warranted and that Plaintiff's remaining state law claims are more appropriately resolved in state court. As such, the Motion to Remand is granted.

For the reasons stated, the Court further finds that Defendants' Motion to Dismiss must be denied as moot.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[87] is **GRANTED** and this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss[88] is **DENIED** as moot.

New Orleans, Louisiana, April 14, 2023.

*(signature)*
**WENDY B. VITTER**
**United States District Judge**

---

[87] R. Doc. 11.
[88] R. Doc. 8.